UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TARIQ AHMAD, | Case No. 3:22-cv-00022-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GRACO FISHING & RENTAL TOOLS, INC, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Tariq Ahmad brings this fraud action against Defendant Graco Fishing & Rental Tools, Inc.[1] (ECF No. 5.) The parties have filed cross-motions for summary judgment (ECF No. 78 ("Plaintiff's Motion"); ECF No. 79 ("Defendant's Motion")). For the reasons discussed herein, the Court grants Defendant's Motion and denies Plaintiff's Motion as moot.

**II.   RELEVANT BACKGROUND**

Plaintiff owns an interest in Federal 26-43H Well ("the Well") located in Grand Count, Utah. (ECF No. 5 at 2.) In 2015, Plaintiff retained Graco to remove a Baker Hughes liner from the Well. (*Id.* at 3.) However, during the course of removal, Graco's equipment breached the casing in the Well, resulting in damages to Plaintiff. (*Id.* at 4.)

Plaintiff asserts three fraud-based claims against Graco—conspiracy to commit fraud, fraudulent misrepresentation, and fraud. (*Id.* at 7-10.) As support, Plaintiff alleges

---

[1] The Court dismissed all other Defendants in accordance with the involved parties' stipulation. (ECF Nos. 44, 46.)

Graco made false representations about Graco and its employee Jim Fulkerson's[2] experience and expertise in the removal and installation of liners in wells. (*Id*. at 3-6.)

## III.   DISCUSSION

Defendant contends that the claims are barred by the statute of limitations and res judicata and are not supported by the evidence. (ECF No. 79.) The Court agrees with Defendant that both res judicata and the statute of limitations apply to bar Plaintiff's claims and declines to address Defendant's merit-based arguments. Accordingly, the Court denies Plaintiff's Motion (ECF No. 78), seeking partial summary judgment on two elements of fraud, as moot.

### A.   Claim Preclusion

Defendant relies on two prior cases to invoke the doctrine of claim preclusion: Plaintiff's lawsuit filed in Uintah County, Utah in 2019 ("Utah Case") and Plaintiff's lawsuit filed in Washoe County, Nevada in 2021. (ECF No. 79.) Plaintiff does not dispute the existence of the Utah Case where he and Pacific Energy & Mining Company ("PEMC") were plaintiffs/counterclaims. (ECF No. 88 at 4; ECF No. 84 at 5.) But Plaintiff counters he did not have knowledge of the facts supporting the fraud claims until April 30, 2021 when Fulkerson responded in an interrogatory in the Fulkerson Case that he only received training as a forklift operator. (ECF No. 88 at 3; ECF No. 88-1 at 5.) The Court finds that the judgment in the Utah Case bars Plaintiff's claims and declines to address whether the judgment in the Nevada Case also bars Plaintiff's claims.[3]

---

[2]In December 2020, Plaintiff sued Fulkerson, Graco, and other defendants in another case before this Court, *Ahmad v. Graco Fishing and Tools, Inc.*, Case No. 3:20-cv-00717 (D. Nev.) ("Fulkerson Case"). In that case, Plaintiff alleges that Graco contracted to perform work on the Well and caused a breach of the Well. (Fulkerson Case, ECF No. 22 at 2-3.) Plaintiff further alleges Graco bribed Fulkerson to change his testimony regarding the contract work, in reference to his communication that Graco caused the breach of the Well and the fixed price bid for the work. (*Id.* at 3.) He asserts claims for conspiracy to commit fraud and fraud based on a purported modification of the factual basis of the breach of the Well by Defendants, including Graco and Fulkerson, resulting in a judgment against Plaintiff and PEMC, in a case filed in Utah. (*Id.* at 4-5.) Plaintiff later clarified he only sued Fulkerson. (Fulkerson Case, ECF No. 37.) The Court subsequently dismissed the Fulkerson Case for lack of personal jurisdiction. (Fulkerson Case, ECF No. 75.) The Ninth Circuit Court of Appeals affirmed. (Fulkerson Case, ECF No. 82.)

2

The facts giving rise to the Utah Case, like here, involved Plaintiff and PEMC's retention of Graco to remove the liner from the Well and the breach of the Well during the course of that work. (ECF No. 93 at 25-29.) In the Utah Case, the court granted Graco's motion for directed verdict, finding in pertinent part that "Tariq Ahmad's claims for negligence and negligent misrepresentation are barred by the economic loss rule." (ECF No. 84 at 6.[4])

A federal court sitting in diversity should follow the forum state's law of claim preclusion when determining the preclusive effect of a prior dismissal upon the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Nevada applies a three-part test when determining the preclusive effect of a former judgment: (1) whether there has been a valid, final judgment in the previous action; (2) whether the claims are identical or the subsequent claims could have been brought in the first action; and (3) whether the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he should have been included in the earlier suit and the plaintiff fails to provide a reason for not having done so. *Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015).

All three factors for applying claim preclusion are satisfied here. First, the Utah Case resulted in a directed verdict against Plaintiff. Second, the claims here arise from the same set of facts—Graco's work in the removal of the liner from the Well and Graco's work caused a breach of the Well—and could have been brought in the same action. Finally, the third factor is not in dispute because the parties are the same.

---

[3]The court in the Nevada Case granted summary judgment in favor of Graco on the plaintiff's negligence claim, applying claim preclusion, issue preclusion, and Utah's three-year statute of limitations. (ECF No. 84 at 45-58.) Plaintiff was not the named plaintiff in the Nevada Case. (*Id.*; ECF No. 88 at 6 (Plaintiff asserting the Nevada Case was filed by Greentown Oil Company).)

[4]The Court grants Defendant's request to take judicial notice (ECF No. 84). In particular, the Court takes judicial notice of the court's order in the Utah Case. The Court also grants Plaintiff's request to take judicial notice of the filings in the Utah Case and the First Amended Complaint filed in *Ahmad v. Graco Fishing & Rental Tools, Inc.* in the United States District Court for the District of Utah ("Utah District Court"). (ECF No. 91.)

Plaintiff insists he could not have brought the fraud claims because he was not aware of Fulkerson's limited training as a forklift operator until April 2021.[5] However, the inquiry is whether the claims could have been brought because they arise from the same set of facts. The Court thus rejects Plaintiff's contention that he did not have knowledge of the facts giving rise to the fraud claims until April 2021.

### B. Statute of Limitations

Even if res judicata does not apply to bar Plaintiff's claims, the Court agrees with Defendant that Plaintiff's claims are barred by the three-year statute of limitations.[6] As Defendant points out, Plaintiff knew of the facts that give rise to his fraud claims at least by the time he filed the First Amended Complaint in the Utah District Court in May 2018. (ECF No. 93 at 50-58.) That complaint includes claims for negligence and negligent misrepresentation premised on allegations that Graco did not warn Plaintiff that "the supervisors and equipment operators it provided were not adequately trained to remove the liner" (*id.* at 56) and that Graco provided false information in its communications with Plaintiff (*id.* at 57). The fraud claims here are based on similar allegations that Graco made false representations about Graco and Fulkerson's training and experience relating to removal of liners from oil and gas wells. (ECF No. 5 at 7, 8.) Thus, Plaintiff knew or should have reasonably discovered the basis of the fraud claims in this case by the time he filed the First Amended Complaint in the Utah District Court in May 2018. Plaintiff did not file this action until January 2022. (ECF No. 5.) Plaintiff's fraud claims are thus barred by the three-year statute of limitations.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[5]The Court declines to resolve Defendant's objection to Plaintiff's proffer of Fulkerson's interrogatory response (ECF No. 85).

[6]Plaintiff relies on Nevada's three-year statute of limitations (ECF No. 88 at 8-11), while Defendant relies on Utah's three-year statute of limitations (ECF No. 79 at 12). Because the parties agree the statute of limitations is three years, the Court need not decide which state's law applies.

1 determines that they do not warrant discussion as they do not affect the outcome of the
2 motions before the Court.
3     It is therefore ordered that Defendant's motion for summary judgment (ECF No.
4 79) is granted.
5     It is further ordered that Plaintiff's motion for partial summary judgment (ECF No.
6 78) is denied.
7     It is further ordered that the Clerk of Court enter judgment in accordance with this
8 order and close this case.
9     DATED THIS 15th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE